STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-538

DEBRA D. ASHMORE

VERSUS

MERRELL D. ASHMORE

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 217,396
HONORABLE GEORGE CLARENCE METOYER JR, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Marc T. Amy, Elizabeth A. Pickett, and J. David Painter, Judges.

REVERSED.

J. Phillip Terrell Jr.
1150 Expressway Dr., Ste. 101
Pineville, LA 71360
(318) 561-4340
COUNSEL FOR PLAINTIFF/APPELLEE:
    Debra D. Ashmore

**Charles O. LaCroix**
**LaCroix, Levy & Barnett, LLC**
**P. O. Box 1105**
**Alexandria, LA 71309-1105**
**(318) 443-7615**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Merrell D. Ashmore**

**PICKETT, Judge.**

Husband appeals judgment which holds that the community property regime which existed between him and his ex-wife when judgment of separation was obtained in 1979 "was reestablished in 1985 upon reconciliation of the parties." For the following reasons, we reverse.

## FACTS

Debra Domingue Ashmore and Merrell Ashmore were married in 1968. The parties were legally separated by a judgment dated September 7, 1979. The parties stated in a joint motion to continue, amend, and reset rule that they reconciled "several months" after the judgment of separation. On June 18, 2004, Ms. Ashmore filed a petition for divorce. A judgment decreeing a divorce between the parties was granted May 11, 2007.

After the divorce, when the Ashmores were attempting to partition the community property they owned, issues arose as to whether the community property regime that existed prior to the September 7, 1979 judgment of separation was reestablished after they reconciled. Unable to resolve the issue, the Ashmores submitted it to the trial court for resolution. The trial court determined that "the community property regime was in full force and effect from June 29, 1968," until September 27, 1979, and that it "was reestablished in 1985 upon reconciliation of the parties."

Mr. Ashmore appealed the trial court's judgment. He contends on appeal that the community property regime was never reestablished after the 1979 legal separation.

## DISCUSSION

This appeal presents an issue of law which we review de novo. *Kevin Assocs., L.L.C. v. Crawford,* 03-211 (La. 1/30/04), 865 So.2d 34. When Ms. Ashmore filed her petition for legal separation in 1979, La.Civ.Code art. 155 provided that the

community property regime was not reestablished upon reconciliation unless the parties executed and recorded a notarial act. In 1979, Article 155 was amended, and, effective January 1, 1980, it provided for reestablishment of the community property regime by matrimonial agreement. The article was amended again in 1985 to provide for automatic reestablishment of the community property regime unless the spouses executed a matrimonial agreement to the contrary prior to their reconciliation. The 1985 amendment was determined to be substantive and, therefore, was not applied retroactively. *LaFleur v. Guillory*, 181 So.2d 323 (La.App. 3 Cir. 1965), *writ refused*, 248 La. 1099, 184 So.2d 24 (1966). *See also Conner v. Conner*, 515 So.2d 468 (La.App. 1 Cir. 1987); *Freeman v. Freeman*, 430 So.2d 673 (La.App. 2 Cir.), *writ denied*, 435 So.2d 449 (La.1983).

The law governing the reestablishment of the community property regime was changed again in 1990, when the legislature enacted La.R.S. 9:384. Effective January 1, 1991, Section 384 contained the same language as Article 155[1], recognizing the automatic reestablishment of the community property regime upon reconciliation, but made it retroactive for "[reconciled] spouses who were judicially separated by a judgment signed before January 1, 1991, or by a judgment rendered in an action governed by R.S. 9:381 [actions commenced before January 1, 1991]." Lastly, the law was changed in 1995 with regard to "spouses who were judicially separated by a judgment signed before January 1, 1991" to provide that if they reconciled *after* September 6, 1985, the community property regime was automatically reestablished "unless the spouses execute[d] prior to the reconciliation a matrimonial agreement that the community [property regime would] not be reestablished upon reconciliation." La.R.S. 9:384.

The first circuit observed in *McCarroll v. McCarroll*, 95-1972, p. 7 (La.App. 1 Cir. 6/28/96), 680 So.2d 681, 687, *rev'd on other grounds*, 96-2700 (La. 10/21/97),

---

[1] Article 155 was repealed upon enactment of La.R.S. 9:384.

2

701 So.2d 1280, that the 1995 limitation on reconciliation set forth in La.RS. 9:384 "coincides with the 1985 amendment to La.Civ.Code art. 155 which initially provided for the automatic reinstatement of the community [property] regime upon reconciliation of the parties. Thus, under this act, community property regimes are automatically reestablished only when the parties reconciled after September 6, 1985."

The issue in *McCarroll* was whether the parties' reconciliation after their 1977 legal separation, but prior to their 1980 divorce, reinstated the community property regime which existed between them before the legal separation. After thoroughly reviewing the changes in the law on this issue and the law governing retroactivity of legislation, the first circuit determined that "[b]ecause the McCarrolls reconciled prior to September 6, 1985, there [was] no automatic reestablishment of the community property regime." *Id*. at 688. We agree with the first circuit's reasoning and conclude that because the Ashmores reconciled prior to 1985, the community property regime that existed between them before the 1979 judgment of legal separation was not automatically reestablished. Accordingly, the judgment of the trial court is reversed.

## DISPOSITION

The community of acquets and gains that existed between Debra and Merrell Ashmore prior to the 1979 legal separation was not thereafter reestablished. All costs of this appeal are assessed to Debra Ashmore.

**REVERSED.**

3